GERTRUDE ELEANOR WALSH, Respondent, *v.* NATIONAL SURETY COMPANY, Appellant.

First Department, July 3, 1919.

Appeal — bond to stay proceeding pending appeal to Court of Appeals — right to enforce bond pending review on writ of error to United States Supreme Court where superseadeas bond given.

An action by the plaintiff to enforce an appeal bond given to stay proceedings pending the determination of the case by the Court of Appeals, commenced after the affirmance of the judgment by said court, will be stayed pending the determination of the case on a writ of error to the United States

Supreme Court, where the complaint states a cause of action and a supersedeas bond has been filed, for said bond operates to stay the execution of the judgment against the defendant, and if it cannot be enforced against him it should not be enforced against the surety on the undertaking.

APPEAL by the defendant, National Surety Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of May, 1919, denying its motion for a stay of proceedings pending the review on writ of error to the United States Supreme Court of the judgment to secure which the undertaking in this action was given.

*Charles A. Winter* of counsel [*Rockwood & Lark*, attorneys], for the appellant.

*Leo R. Brilles* of counsel [*House, Grossman & Vorhaus*, attorneys], for the respondent.

PAGE, J.:

This action and that of *Walsh* v. *Tiedemann* (188 App. Div. 633), decided herewith, are the outgrowth of the case of *Tiedemann* v. *Tiedemann* (172 App. Div. 819).

In that case the plaintiff brought an action on a Nevada decree of divorce to recover counsel fee and alimony and also for an accounting of the community property. At Special Term an interlocutory decree was entered giving judgment for the amount of counsel fee and the accrued alimony and directed an accounting. We modified the interlocutory judgment by striking therefrom the provision for an accounting and directed final judgment for the alimony and counsel fee. An appeal was taken to the Court of Appeals and the judgment affirmed, without opinion (225 N. Y. 709). Thereafter Chief Judge HISCOCK granted a writ of error to the United States Supreme Court, and a supersedeas bond in the sum of $10,000 has been filed and the execution of the judgment has thereby been automatically stayed.

Upon the affirmance of the judgment by the Court of Appeals and prior to the granting of the writ of error, Gertrude

Eleanor (Tiedemann) Walsh commenced an action against the National Surety Company to recover upon the undertaking given by that company as surety upon the granting of a stay pending the appeal. The defendant has demurred to the complaint on the ground of insufficiency and moved that all proceedings in this action be stayed until the final determination of the appeal to the United States Supreme Court upon the pleadings and an affidavit of the defendant's attorney setting forth the granting of the writ of error and the filing of the supersedeas bond. The motion was denied and the defendant appeals.

The complaint states a cause of action and the demurrer clearly was interposed for delay. Nevertheless the supersedeas bond operates to stay the execution of the judgment against the defendant, and if it cannot be enforced against him it should not be enforced against the surety on the undertaking.

The motion should have been granted and, therefore, the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.