GERTRUDE ELEANOR WALSH, Appellant, *v.* THEODORE TIEDEMANN, Respondent.

First Department, July 3, 1919.

Practice — undertaking given to pay any judgment secured in action pending if judgment in another action involving same issues was affirmed — stay of proceedings in action on undertaking pending determination of appeal in action in which undertaking given.

Where, pending an appeal in an action, another action was commenced against the same defendant involving the same issues, and an undertaking was given by the terms of which it was agreed that if the trial of the

second action was adjourned until a determination of the appeal in the first action, the surety would pay any judgment secured in the second action up to a stated amount, in case the judgment in the first action was affirmed, and the judgment in the first action was affirmed and a judgment secured in the second action, from which an appeal was taken after the commencement of an action on the undertaking, an order granting a stay in the action on the undertaking to await the determination of the appeal is improperly granted; it is against the letter and spirit of the undertaking that the payment of the judgment be delayed by unnecessary and frivolous appeals.

APPEAL by the plaintiff, Gertrude Eleanor Walsh, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 20th day of May, 1919, granting the defendant's motion to stay proceedings herein pending the determination of an appeal from a judgment in another action.

*Leo R. Brilles* of counsel [*House, Grossman & Vorhaus,* attorneys], for the appellant.

*Charles A. Winter* of counsel [*Rockwood & Lark,* attorneys], for the respondent.

PAGE, J.:

After the judgment had been entered in the action brought by the plaintiff against her former husband, and the appeal therefrom had been taken to this court (*Tiedemann* v. *Tiedemann,* 172 App. Div. 819), which we will denominate action No. 1, the plaintiff commenced another action against her former husband to recover installments of alimony which had thereafter accrued, which we will call action No. 2. Before action No. 2 came to trial, an undertaking was executed by Theodore Tiedemann (the father of the defendant therein) reciting the entry of the interlocutory judgment in action No. 1, and that an appeal had been taken therefrom and was pending, and that the issues in action No. 2 with respect to the defendant's liability to pay alimony are the same as those involved in action No. 1, and that Theodore Tiedemann has promised and agreed, if the plaintiff would adjourn the trial of action No. 2 until the final determination of the appeal

in action No. 1, he would give an undertaking that if the interlocutory or final judgment therein should be finally affirmed as to the sum of money therein directed to be paid as accrued alimony and counsel fee, or any part thereof, and judgment obtained in action No. 2 in favor of the plaintiff and against the defendant, that he would pay the sum recovered or directed to be paid by any judgment recovered in action No. 2, not exceeding $4,000. An undertaking to that effect follows the recitals. The trial of action No. 2 was adjourned until after the affirmance of action No. 1 by the Court of Appeals (225 N. Y. 709). Action No. 2 was restored to the calendar and tried, resulting in a judgment for the plaintiff in the sum of $5,121.85, on the 9th day of April, 1919. This action was commenced on the 10th day of April, 1919, against Theodore Tiedemann upon the undertaking. On April 29, 1919, the defendant in action No. 2 appealed to this court from the judgment in action No. 2 and obtained a stay. The defendant herein thereupon moved for and obtained an order staying all proceedings in this action pending the determination of the appeal in action No. 2 by this court, and extending the defendant's time to plead or make such motion with reference to the complaint until ten days after notice of the entry of the order of the Appellate Division, and in case an appeal should be taken to the Court of Appeals, then until ten days after the notice of entry of judgment on the remittitur.

This order is contrary to the letter and intent of the undertaking given by the defendant. It was conceded that the issues in actions Nos. 1 and 2 were the same and the trial of action No. 2 was to be adjourned until the determination of the appeal in action No. 1, and the defendant undertook to pay any judgment that might be rendered in action No. 2 to the extent of $4,000. It was not contemplated that the payment of that judgment was to be delayed by unnecessary and frivolous appeals to this court and the Court of Appeals. The order should not have been granted. We are not called upon to determine the effect upon this action of the granting of the writ of error and the supersedeas to the United States Supreme Court (See *Walsh* v. *National Surety Co.*, 188 App. Div. 631, decided herewith), because the defendant asked only

for the specific relief which was granted and not for alternative or general relief.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.